IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE HENDRIX, | No. CIV S-08-1858-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Pending before the court are petitioner's petition for a writ of habeas corpus (Doc. 1), respondent's answer (Doc. 14), and petitioner's traverse (Doc. 18).

In his petition, petitioner is challenging the 2007 decision by the Board of Parole Hearings finding him unsuitable for parole. Petitioner challenges the decision as a violation of his due process rights as the decision is not supported by some evidence, and in fact lack any evidentiary basis. He also argues that inmates do have a liberty interest in parole, and that the Board's decision was arbitrary and capricious.

/ / /

1   The issue of parole denials in California has recently been addressed by the
2 United States Supreme Court.  Reversing the Ninth Circuit's decision in <u>Hayward v. Marshall</u>,
3 603 F.3d 546 (9th Cir. 2010) (en banc), the Court observed:

> Whatever liberty interest exists [in parole] is, of course, a *state*
> interest.  There is no right under the Federal Constitution to be
> conditionally released [on parole] before the expiration of a valid sentence,
> and the States are under no duty to offer parole to their prisoners.  <u>Id.</u> at 7.
> When, however, a State creates a liberty interest, the Due Process Clause
> requires fair procedures for its vindication – and federal courts will review
> the application of those constitutionally required procedures. . . .

<u>Swarthout v. Cooke</u>, 562 U.S. ___, 131 S. Ct. 859, 862 ( 2011) (per curiam) (citing  <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> In the context of parole, we have held that the procedures required
> are minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a
> parole statute similar to California's received adequate process
> when he was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.  442 U.S. at 16.
> "The Constitution," we held, "does not require more."  <u>Ibid.</u>
> Cooke and Clay received at least this amount of process: They
> were allowed to speak at their parole hearings and to contest the
> evidence against them, were afforded access to their records in
> advance, and were notified as to the reasons why parole was
> denied.  (citations omitted).
>         That should have been the beginning and the end of the federal
> habeas courts' inquiry into whether Cook and Clay received due
> process. . . .

<u>Id.</u>

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process."  <u>Id.</u> at 862-63 (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard.  There is no other clearly established federal constitutional right in the context of parole.

In this case, petitioner claims that his federal due process rights were violated because the denial of parole was not based on "some evidence" to support the finding that he poses an unreasonable risk of danger. As discussed above, it is not the place of the federal court to rule on how California's "some evidence" parole standard has been applied except to inquire as to the basic procedural guarantees.

Petitioner does not argue that he was denied any of the procedural protections required by the federal constitution. Even if he did, the record clearly establishes that petitioner was provided with the basic Greenholtz protections of notice, an opportunity to be heard, and a statement of reasons for the decision. See Swarthout, 2011 WL 167627. Because the federal constitution requires nothing more in the parole context, the petition must be denied.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE